IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD L. BLANCHARD,
    Plaintiff

                    :  CIVIL NO. 1:09-CV-1232

v.                    :

                    :  (Judge Caldwell)

REIGLE, *et al.*,
    Defendants

## ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The pro se plaintiff, Richard Blanchard, has filed two motions. The first one is a motion filed on February 24, 2012, to vacate our October 22, 2010, order granting Defendants' motion to dismiss, or in the alternative, for summary judgment. This motion also seeks to compel discovery. The second motion is a motion to consolidate this case with *Blanchard v. Federal Bureau of Prisons*, 1:08-CV-2115 (M.D. Pa.). For the following reasons, both motions will be denied.

Initially, it is noted that Blanchard has failed to submit a brief in support of either motion as required by Local Rule 7.5. For this reason alone both motions may be deemed withdrawn. In any event, neither motion has merit.

Alternatively, Fed. R. Civ. P. 60(b) allows a party to seek relief from a final judgment and request the re-opening of a matter in six limited circumstances.[1] *See* Fed.

---

[1] Rule 60(b) provides in part:

**(b) Grounds for Relief from a Final Judgment, Order or Proceeding.** On motion and just terms, the court may relieve a party or its legal representatives from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable

(continued...)

R. Civ. P. 60(b). A motion to set aside judgment or order under Rule 60(b) must be made "within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c). Courts are not permitted to extent the time for filing a Rule 60(b) motion. See Fed. R. Civ. P. 6(b)(2). The basis of Blanchard's Rule 60(b) motion is unclear. He appears to be presenting the same arguments he offered in opposition to defendants' dispositive motion. Moreover, to the extent that he claims that he has now discovered that defendants committed fraud when they refused to obtain his signature on a refusal of medical treatment, specifically an MRI, the day he refused to accompany corrections officers because he did not know why or where they were taking him, his Rule 60(b) motion is untimely. Additionally, it is noted that on August 1, 2011, the Third Circuit Court of Appeals dismissed Blanchard's appeal of our dispositive order noting that "[b]ecause the District Court properly resolved all of [Blanchard's] claims, we conclude that his appeal must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)". See Doc. 57-1. The appellate court also noted that "there is no indicatio that any further discovery would affect the outcome of this case." (Id.) Thus, Blanchard's 60(b) motion, based on fraud, is denied.

---

[1](...continued)
diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying to it prospectively is not longer equitable; or (6) ay other reason that justifies relief.

As for Blanchard's motion to consolidate this matter with another matter (Doc. 60), *Blanchard v. Federal Bureau of Prisons*, 1:08-cv-2115, that motion will be denied as that matter is also closed.

ACCORDINGLY, this 8th day of August, 2012, it is ORDERED that:

1. Blanchard's Rule 60(b) Motion (Doc. 59) is DENIED as untimely.

2. Blanchard's Motion to Consolidate (Doc. 60) is DENIED.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge